UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELA PATRICE AVERY,

       Plaintiff,

                               Case No. 26-cv-0310-bhl

    v.

STATE OF WISCONSIN DEPARTMENT OF
CORRECTIONS, NICK,  and
KEVIN JOHNSON,

       Defendants.

---

## SCREENING ORDER

---

On February 24, 2026, Angela Avery, proceeding without an attorney, filed a complaint against the Wisconsin Department of Corrections, Nick (whose last name is unknown), and Kevin Johnson, attempting to bring a claim under 42 U.S.C. §1983, a negligence claim, and a claim for "Retaliation/ Adverse Employment Action." (ECF No. 1 at 4.)  Avery also filed a motion to proceed without prepayment of the filing fee, or *in forma* pauperis. (ECF No. 2).  The matter is now before the Court for the consideration of Avery's IFP motion and the screening of her complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee.  *Cf.* 28 U.S.C. §1915(a)(1).  Avery submitted a signed affidavit identifying her assets and financial obligations.  (ECF No. 2 at 4.)  Avery supports her four children who are all under the age of eighteen.  (*Id.* at 1.)  She is unemployed and not married.  (*Id.*)  Avery's two disabled children receive $1,787 monthly in social security benefits, and she states that she is the representative payee.  (*Id.* at 2.)  She owes $1,447 in rent monthly and has $600 in other monthly household expenses.  (*Id.*) She owns a 2023 Mitsubishi outlander, which she is attempting to return.  (*Id.* at 3.)  She has $1.88 in savings.  (*Id.*)  Based on these sworn assertions, the Court will grant Avery's motion to proceed IFP.

## SCREENING THE COMPLAINT

The Court also has the authority to screen a *pro se* complaint. *Cf.* 28 U.S.C. §1915(e)(2). In doing so, the Court examines the complaint to determine whether the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Id*. In screening the complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Avery was a Wisconsin Department of Corrections (DOC) employee. (ECF No. 1.) Avery does not specify in her complaint whether she resigned, or was fired by DOC, but her affidavit states she is unemployed. On September 25, 2025, Avery was participating in required POSC (presumably "Principles of Subject Control") training under the supervision of the Defendants, Nick and Johnson, who were both DOC employees and trainers. (*Id.* at 2.) Nick and Johnson "grabbed [Avery] and applied physical excessive force knocking [her] to the ground on her left side." (*Id.*) She sustained "a corneal abrasion requiring medical treatment." (*Id.* at 3.) She reported the incident through DOC's grievance process and "received an email demanding [she] take [] unpaid leave." (*Id.*) She refused because "it was unnecessary due to being a new employee

and not having time made available." (*Id.*)  Avery was not notified of the outcome of any investigation, and no corrective action was taken.  (*Id.*)  Following this incident, Avery has experienced mental and emotional distress.  (*Id.*)  Avery attaches medical records from October 6, 2025 related to her corneal abrasion.  (ECF No. 1-1.)  She seeks "judgment in the amount of $1,500,000." (ECF No. 1 at 4.)

## ANALYSIS

Avery's complaint describes three claims: a claim under Section 1983 for "excessive force," a state law negligence claim related to the Defendants' failure to follow established DOC policies, and a claim for "retaliation/ adverse employment action" related to her being told to take leave after filing a complaint about the events described above.  (ECF No. 1 at 4.)  Because Avery's allegations are insufficient to state a claim against any of the Defendants, the Court will dismiss her complaint but will allow her a chance to file an amended complaint to address the deficiencies identified in this order.

Avery's complaint does not state a claim against Defendants Nick and Johnson for violating her Fourth Amendment rights by using excessive force.  To state a claim under Section 1983, Avery must identify a person or persons acting under color of law who violated her federal rights.  *See Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003).  Corrections officers are generally persons acting under color of law and can be held liable under Section 1983.  Section 1983 is not itself a source of rights; it provides a method to vindicate rights conferred elsewhere.  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).  The Fourth Amendment protects individuals against the use of excessive force when they are seized.  *Id.* at 394–95.  To state an excessive force claim, a plaintiff must therefore allege that she was seized within the meaning of the Fourth Amendment, and that the officers' use of force was unreasonable under the circumstances.  *Id.* at 395–96; *see Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016); *see also Lanigan v. Vill. of East Hazel Crest, Ill.*, 110 F.3d 467, 475 (7th Cir. 1997).  In judging the reasonableness of an officer's use of force during an arrest or other action, courts consider factors including "the severity of the crime, whether the arrestee poses an immediate threat to the safety of the officers or others, and whether he or she is actively resisting arrest or attempting to flee and evade arrest." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 724 (7th Cir. 2013) (citing *Graham*, 490 U.S. at 396).

Avery's excessive force claim fails because Avery does not allege any facts to suggest that she was being seized by the Defendants within the meaning of the Fourth Amendment.  Her claim

does not appear to implicate the Fourth Amendment at all. Avery complains about being knocked to the ground by her trainers during a POSC training exercise, not in connection with an arrest or as a prisoner in state custody. She alleges she was an employee at work, and this context simply does not implicate the Fourth Amendment's protection against excessive force. *See Torres v. Madrid*, 592 U.S. 306, 317 (2021) ("A seizure requires the use of force *with intent to restrain*. . . . [F]orce intentionally applied for some other purpose [does not] satisfy this rule."). Avery also fails to state a Section 1983 claim against the Wisconsin DOC, because the DOC is an arm of the state, not a person that can be sued under Section 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70–71 (1989); *see also Mayhugh v. State*, 867 N.W.2d 754 (Wis. 2015).

Avery's "Retaliation/ Adverse Employment Action" claim also fails. Avery does not specify what constitutional right, federal statute, or state right or statute she believes the DOC violated by "forcing leave for filing a complaint." (ECF No. 1 at 4.) Even if she had, however, her claim would additionally fail for a number of reasons. First, the DOC is an arm of the state and entitled to sovereign immunity under Wisconsin law; Avery cannot sue it for damages here. *Mayhugh*, 867 N.W.2d at 764–65. As for the remaining defendants, Avery does not allege any facts to suggest Nick and Johnson were involved in making decisions about her employment after she filed a complaint against them, and she does not name any other individual defendants in relation to this claim. Moreover, Avery's complaint also does not allege facts that could constitute an adverse employment action. An adverse employment action is a "materially adverse change" in the conditions of employment; some examples of materially adverse changes include a decrease in pay, a demotion, a material loss of benefits, or significantly reduced responsibilities. *Ribando v. United Airlines*, *Inc.*, 200 F.3d 507, 510–11 (7th Cir. 1999). Avery alleges that she reported the training incident through the DOC's internal grievance process and then received an email "demanding" she take unpaid leave. (ECF No. 1 at 3.) She states she declined the leave but does not describe what the DOC did next. (*Id.*) Because Avery does not share what happened after her refusal to take leave, the Court cannot infer that the email itself materially changed the conditions of her employment, and this putative claim fails.

Avery's negligence claim also fails. Again, the DOC has sovereign immunity and cannot be sued. In addition, this federal court lacks jurisdiction over a state law negligence claim. Avery's negligence claim is based in state law, not federal law. Because Avery is a Wisconsin citizen and identifies Nick and Johnson as Wisconsin citizens, this claim falls outside the Court's diversity

jurisdiction too.  *See* 28 U.S.C. §1332.  Avery's federal claim would have provided the basis for supplemental jurisdiction for her state law negligence claim, but that claim has been dismissed. Because this claim has no independent basis for jurisdiction, and Avery's other claims are dismissed, this claim will also be dismissed.  28 U.S.C. §1367(c)(3); *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008).

Because Avery's complaint does not state a claim against any of the defendants it will be dismissed.  The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend her complaint.  *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Avery believes she can cure the substantial deficiencies identified in this decision, she may file an amended complaint by May 11, 2026.  To assert her claims, Avery must include enough detail to provide notice to the Defendants of what she alleges they did.  A complaint should read like a narrative being told to someone who does not know what happened.  It should specify when and where the relevant events occurred and explain what happened.  It does not need to include citations to cases.  The amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede her prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  If an amended complaint is not received, the Court will dismiss this case with prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Avery's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Avery's Complaint, ECF No. 1, is **DISMISSED without prejudice.** If Avery wishes to proceed with this lawsuit, she must file an amended complaint on or before May 11, 2026. If the Court does not receive Avery's amended complaint by that date, the case will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on April 10, 2026

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
